# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## Case No. 18-cv-60091-BLOOM/Valle

ANTHONY PEREI,

      Plaintiff,

v.

ARRIGO DCJ SAWGRASS, INC.,

      Defendant.

_____/

## ORDER ON MOTION TO COMPEL ARBITRATION

**THIS CAUSE** is before the Court upon Defendant's Amended Motion to Stay and Compel Arbitration, ECF No. [6], (the "Motion"). The Court has carefully reviewed the Motion, the applicable law, the parties' supporting and opposing briefs, and is otherwise fully advised of the record in this case. For the reasons that follow, the Motion is granted.

## I.    BACKGROUND

Plaintiff filed this lawsuit against Defendant for violations of the Fair Credit Reporting Act ("FCRA") and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") arising from his purchase of a 2016 Dodge Dart from Defendant. *See* ECF No. [1]. In the Complaint, Plaintiff alleges that, on September 1, 2015, he entered into a contract with Defendant for the purchase of a vehicle, also securing his financing through Defendant. *Id.* at ¶¶ 26-27. At no point in time did Plaintiff execute a credit application or otherwise authorize Defendant to submit an application for a personal line of credit on his behalf for a Chrysler MasterCard. *Id.* at ¶ 29. Two years later, on September 14, 2017, non-party First National Bank of Omaha allegedly contacted Plaintiff to inform him that it was waiving his monthly payment due to the impact of Hurricane Irma. *Id.* at ¶ 30. The Complaint alleges that, as a result of this call, Plaintiff

discovered that Defendant had opened a credit line with Chrysler MasterCard under his name on the same date he purchased the vehicle. *Id.* at ¶31. Based on these facts, Plaintiff asserts in Count I that Defendant violated the FCRA by pulling his credit report to open a line of credit in his name without his knowledge or consent. *Id.* at ¶¶ 34-43. In Count II, Plaintiff alleges that Defendant's actions constitute unfair and deceptive acts or practices in violation of FDUTPA. *Id.* at ¶¶ 44-52. In addition to actual, statutory, punitive damages and attorney's fees and costs, the Complaint seeks a declaration that Defendant's practices violate the FCRA's permissible uses. *Id.* Plaintiff also demands a trial by jury. *Id.*

In response to the Complaint, Defendant moves to compel arbitration pursuant to the terms of the Arbitration Provision contained within the Retail Installment Sale Contract, *see* ECF No. [6-1] (the "Arbitration Provision"), and the Arbitration of Disputes and Waiver of Jury Trial Agreement, *see* ECF No. [6-2] (the "Arbitration Agreement"). Plaintiff filed a timely Response in Opposition. *See* ECF No. [9]. Although Defendant had the opportunity to file a Reply, Defendant did not do so within the allotted time. Accordingly, the Motion is now ripe for review.

## II.    LEGAL STANDARD

The Federal Arbitration Act ("FAA") provides that pre-dispute agreements to arbitrate "evidencing a transaction involving commerce" are "valid, irrevocable, and enforceable save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.[1]

---

[1] Although the parties sometimes quote from and rely upon Florida arbitration statutes and Florida case law interpreting such statutes, the Arbitration Provision provides that "[a]ny arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et. seq.) and not by any state law concerning arbitration." ECF No. [6-1]. Similarly, the Arbitration Agreement provides that "[t]his arbitration provision is subject to the Federal Arbitration Act, 9 U.S.C.A. §1, et. seq." ECF No. [6-2]. Thus, the Court's analysis here is governed by the FAA and the case law interpreting the FAA.

The FAA reflects "a liberal federal policy favoring arbitration." *AT&T Mobility LLC v. Concepcion,* 563 U.S. 333, 339 (2011). Section 3 of the FAA further states:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3.

"Under both federal and Florida law, there are three factors for the court to consider in determining a party's right to arbitrate: (1) a written agreement exists between the parties containing an arbitration clause; (2) an arbitrable issue exists; and (3) the right to arbitration has not been waived." *Sims v. Clarendon Nat. Ins. Co.,* 336 F. Supp. 2d 1311, 1326 (S.D. Fla. 2004) (citing *Marine Envtl. Partners, Inc. v. Johnson,* 863 So. 2d 423, 426 (Fla. 4th DCA 2003) and *Seifert v. U.S. Home Corp.,* 750 So. 2d 633 (Fla. 1999)). Where the claim is statutory in nature, the court must consider if the authorizing legislative body intended to preclude the claim from arbitration. *See Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.,* 473 U.S. 614, 627 (1985) ("Just as it is the congressional policy manifested in the [FAA] that requires courts liberally to construe the scope of arbitration agreements covered by that Act, it is the congressional intention expressed in some other statute on which the courts must rely to identify any category of claims as to which agreements to arbitrate will be held unenforceable."); *Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 26 (1991) ("Although all statutory claims may not be appropriate for arbitration, having made the bargain to arbitrate, the party should be held to it unless Congress itself has evinced an intention to preclude a waiver of judicial remedies for the statutory rights at issue.") (citation omitted).

Confronted with a facially valid arbitration agreement, the burden is on the party opposing arbitration to demonstrate that the agreement is invalid or the issue is otherwise non-arbitrable. *Green Tree Fin. Corp.-Alabama v. Randolph,* 531 U.S. 79, 92 (2000) ("[T]he party seeking to avoid arbitration bears the burden of establishing that Congress intended to preclude arbitration of the statutory claims at issue."); *In re Managed Care Litig.,* No. 00-1334-MD, 2009 WL 856321, at *3 (S.D. Fla. Mar. 30, 2009) ("It is the burden of the party challenging a facially valid arbitration agreement to demonstrate that the agreement is in fact unconscionable."). "By its terms, the [FAA] leaves no room for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 213 (1985) (emphasis in original). Thus, if the aforementioned criteria are met, the Court is required to issue an order compelling arbitration. *John B. Goodman Ltd. P'ship v. THF Const., Inc.,* 321 F.3d 1094, 1095 (11th Cir. 2003) ("Under the FAA, 9 U.S.C. § 1 *et seq.,* a district court must grant a motion to compel arbitration if it is satisfied that the parties actually agreed to arbitrate the dispute."); *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs.,* 553 F.3d 1351, 1366 (11th Cir. 2008) ("The role of the courts is to rigorously enforce agreements to arbitrate.") (citation omitted).

## III. DISCUSSION

Defendant seeks to compel arbitration pursuant to the terms and conditions set forth in the Arbitration Provision and the Arbitration Agreement. *See* ECF No. [6]. Section 2 of the FAA "requires the courts to enforce an arbitration provision within a contract unless 'such grounds exist at law or in equity for the revocation of any contract.'" *Parnell v. CashCall, Inc.*, 804 F.3d 1142, 1146 (11th Cir. 2015). It is a general rule that "[t]he arbitrability of disputes—in

other words, the determination of whether the agreement applies to the parties' claims—is generally a gateway issue to be determined by the courts." *Robinson v. J & K Admin. Mgm't Sers., Inc.*, 817 F.3d 193, 195 (5th Cir. 2016) (citing *AT&T Tech., Inc. v. Comm'ns Workers of Am.*, 475 U.S. 643, 649 (1986)). "'[W]hether the parties have a valid arbitration agreement at all or whether a concededly binding arbitration clause applies to a certain type of controversy' are two examples of questions of arbitrability." *Fed. Nat'l Mortg. Ass'n v. Prowant*, 209 F. Supp. 3d 1295, 1309 (N.D. Ga. 2016) (quoting *Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444, 452 (2003)). "And if there is doubt about [whether the arbitrator should decide a certain issue,] we should resolve that doubt 'in favor of arbitration.'" *Bazzle*, 539 U.S. at 452 (quoting *Mitsubishi Motors*, 473 U.S. at 626).

However, "parties may agree to commit even threshold determinations to an arbitrator, such as whether an arbitration agreement is enforceable" and the Supreme Court has upheld such provisions, dubbed "delegation provisions," as valid. *Rent-A-Center v. Jackson*, 561 U.S. 63, 68 (2010); *Parnell*, 804 F.3d at 1146. Specifically, the Supreme Court has recognized that parties can enter into agreements "to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." *Jackson*, 561 U.S. at 69. Such a gateway question "is simply an additional, antecedent agreement the party seeking arbitration asks the federal court to enforce, and the FAA operates on this additional arbitration agreement just as it does on any other." *Id.*

Here, the Court must focus its analysis on the text of the Arbitration Provision and the Arbitration Agreement to determine the nature and extent of the agreement between the parties. The Arbitration Provision states in relevant part:

> Any claim or dispute, whether in contract, tort, statute or otherwise (***including the interpretation and scope of this Arbitration Provision, and the arbitrability of***

*the claim or dispute*), between you and us or our employees, agent, successor or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. . . .

ECF No. [6-1] (emphasis added).

Similarly, the Arbitration Agreement provides in relevant part:

Purchaser and Dealer agree to submit any and all controversies or claims identified in this arbitration agreement (*including the interpretation and scope of this arbitration agreement, and the arbitrability of the claim or dispute*), where the amount in controversy, including attorney's fees claims exceeds $5,000, arising out of or relating to the vehicle transaction and all agreements executed by Purchaser and/or Dealer related to the vehicle purchase transaction or related to any aspect of the transaction contemplated by the parties, to binding arbitration. Except as expressly set forth in this Agreement, it is the express intent of Purchaser and Dealer that this arbitration provision applies to all disputes, including contract disputes, tort claims, including fraud claims and fraud in the inducement claims, statutory claims, including deceptive trade practices claims, and regulatory claims, that would not have arisen but for the vehicle purchase transaction and resulting relationship between Purchaser and Dealer. . . .

ECF No. [6-2] (emphasis added).

At the outset, the Court notes that Plaintiff does not dispute the validity of either the Arbitration Provision or the Arbitration Agreement. *See* ECF No. [9]. Nor does he raise any arguments of fraud, duress, or unconscionability, and he does not dispute signing the documents. *Id.* Plaintiff's sole objection is that his claims do not fall within the scope of either the Arbitration Provision or the Arbitration Agreement. *See* ECF No. [9]. However, in the Arbitration Provision, the parties expressly agreed that any claims "including the interpretation and *scope* of this Arbitration Provision, and the arbitrability of the claim or dispute" are subject to binding arbitration. ECF No. [6-1] (emphasis added). Similarly, the Arbitration Agreement that Plaintiff signed provides that "any and all controversies or claims identified in this arbitration agreement (including the interpretation and *scope* of this arbitration agreement, and

the arbitrability of the claim or dispute)" are also subject to binding arbitration. ECF No. [6-2] (emphasis added). Thus, the parties delegated any disputes surrounding the scope of the Arbitration Provision and the Arbitration Agreement to the arbitrator – not the Court. Significantly, Plaintiff does not acknowledge the existence of the delegation clauses; much less argue that these clauses are unconscionable. *See* ECF No. [9]. Consistent with the Supreme Court's instructions, Plaintiff's failure to specifically challenge the delegation provisions requires that this Court "treat [them] as valid under § 2 [of the FAA], and [] enforce [them] under §§ 3 and 4, leaving any challenge to the validity of the [a]greement as a whole for the arbitrator." *Jackson*, 561 U.S. at 72. Thus, Defendant's Motion is granted. Plaintiff is free to raise any challenges to the scope of the arbitration provisions directly to the arbitrator.

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Amended Motion to Stay and Compel Arbitration, **ECF No. [6]**, is **GRANTED.**

2. The parties shall submit all claims asserted in the Complaint to arbitration in accordance with the Arbitration Provision and the Arbitration Agreement.

3. This matter is **STAYED** pending arbitration of Plaintiff's claims and is therefore administratively **CLOSED**. The Clerk of Court is directed to **CLOSE** this matter for administrative purposes. After arbitration has concluded, either party may seek to reopen the case.

4. All pending motions are **DENIED AS MOOT**, and any pending deadlines are **TERMINATED.**

**DONE AND ORDERED** in Miami, Florida, this 6th day of March, 2018.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record